UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUGGER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>D. BREWER,<br><br>　　　　　Respondent. | Case No.   2:22-cv-02142-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2241 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF No. 1 |

Petitioner, a federal prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. After reviewing the petition, I find that it fails to state a viable claim. I will give petitioner a chance to amend before recommending that this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner's sole claim is that three points were unlawfully added to his custody classification. ECF No. 1 at 3. Claims related solely to an inmate's Bureau of Prisons custody

---

[1] This rule may be applied to petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

classification are not cognizable by way of a § 2241 action, however. *See*, *e.g.*, *Strausbaugh v. Shartle*, CV-15-398-TUC-JAS (JR), 2017 U.S. Dist. LEXIS 55900, *9 (D. Ariz. April 11, 2017) ("Claims that merely challenge a petitioner's classification by the BOP without potentially shortening the petitioner's sentence are not cognizable in a federal habeas petition."); *Parada v. Martinez*, No. CV 19-4405 JAK (MRW), 2019 U.S. Dist. LEXIS 163574, *4-5 (C.D. Cal. Sept. 24, 2019) ("[T]he Court cannot adjudicate Petitioner's contention that the BOP has misclassified him for prison housing or program purposes. A challenge to the conditions of his confinement rather than the legality of his confinement [ ] is not cognizable on habeas corpus review.") (internal quotation marks omitted). The matter might be different if this classification were potentially to impact the length of petitioner's sentence, but the petition does not, as best as I can tell, indicate that this is the case.

Petitioner may, if he chooses, file an amended petition that addresses this deficiency. If he does not, I will recommend that this action be dismissed.

It is ORDERED that:

1. Petitioner may file an amended § 2241 petition within thirty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal § 2241 habeas form with this order.

IT IS SO ORDERED.

Dated:   January 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE